**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUAYU YAN, | No. 11-72623 |
| Petitioner, | Agency No. A095-179-336 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2015[**]
Pasadena, California

Before: D.W. NELSON, BYBEE, and IKUTA, Circuit Judges.

Huayu Yan petitions for review of the Board of Immigration Appeals' (BIA)

denial of her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a),

and deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA did not err in holding that Yan did not meet her burden of providing evidence establishing a material change in circumstances in her native China. Substantial evidence supports the BIA's determination that the evidence presented by Yan in her motion to reopen was not qualitatively different from the evidence presented in her initial asylum petition. *See Najmabadi v. Holder*, 597 F.3d 983, 987–91 (9th Cir. 2010); *cf. Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir. 2004). Because Yan failed to show changed country conditions, her motion to reopen does not qualify for an exception from time and number limits. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii); 8 C.F.R. § 1003.2(c)(2)–(3). Accordingly, the BIA did not abuse its discretion in denying Yan's motion to reopen.

**PETITION DENIED**.